# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
January 11, 2022

Lyle W. Cayce
Clerk

No. 21-50537
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Albert Alex Rodriguez,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:18-CR-81-1

Before Higginbotham, Higginson, and Duncan, *Circuit Judges*.

Per Curiam:*

Albert Alex Rodriguez appeals the 24-month sentence imposed after his supervised release was revoked. His revocation sentence was above the recommended sentencing range but did not exceed the statutory maximum sentence. He maintains that the sentence was substantively unreasonable

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

because the district court failed to account for factors that should have been afforded significant weight, i.e., his history of participation in drug treatment programs and his work ethic. Because Rodriguez preserved his instant claim, we apply the plainly unreasonable standard. *See Holguin-Hernandez v. United States*, 140 S. Ct. 762, 766-67 (2020); *United States v. Miller*, 634 F.3d 841, 843 (5th Cir. 2011).

The record reflects that the district court's justification for imposing the revocation sentence was reasoned, fact-specific, and consistent with the 18 U.S.C. § 3553(a) sentencing factors. *See United States v. Warren*, 720 F.3d 321, 332-33 (5th Cir. 2013). The district court undertook an individualized assessment of the facts and concluded that a sentence of 24 months in prison was proper to satisfy the sentencing goals of § 3553(a). The district court was aware of the factors that Rodriguez alleges were overlooked and decided that other factors deserved more consideration. There is no requirement that the factors identified by Rodriguez, or any other aspect of a defendant's history and circumstances, be afforded dispositive weight. *See, e.g., United States v. Lopez-Velasquez*, 526 F.3d 804, 807 (5th Cir. 2008). Rodriguez's challenge to the weight that the district court gave to specific factors does not establish that his sentence is unreasonable. *See Warren*, 720 F.3d at 332. He otherwise has not established that his sentence is the result of a clear error of judgment in balancing the § 3553(a) factors. *See id.*

The judgment of the district court is AFFIRMED.